**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:22-cr-00041 |
| Christopher Agbaje, d/b/a Ace Telecommunications & Consultancy Services, Inc., d/b/a Acorin USA, LLC, | |
| Defendant. | |

---

**ORDER DENYING MOTION FOR ACQUITTAL, MOTION FOR NEW TRIAL, AND MOTION TO SET ASIDE VERDICT**

---

[¶1]    THIS MATTER comes before the Court on a Motions for Acquittal, New Trial, and to Set Aside Verdict filed by the Defendant on May 30, 2024. Doc. No. 79. The United States filed a Response on June 3, 2024. Doc. No. 81. The Defendant filed a Reply on June 5, 2024. Doc. No. 82. For the reasons set forth below, the three Motions are **DENIED**.

## BACKGROUND

[¶2]    An Indictment charged the Defendant in Count One with Wire Fraud, Count Two with Mail Fraud; and Count Three with Money Laundering. Doc. No. 1. Each charge also contained an Aiding and Abetting allegation. Id. The Defendant persisted in his not guilty plea and the jury trial commenced on May 13, 2024. At the close of testimony, the Defendant made an oral motion for acquittal. The Court heard arguments from the Parties and denied the Defendant's oral motion. On Counts One and Two, the jury found the Defendant not guilty of Mail and Wire Fraud but found him guilty of aiding and abetting those crimes. Doc. No. 75, pp. 1-2. The jury found the Defendant guilty of Money Laundering as charged in Count Three. Id. at p. 2.

## DISCUSSION

[¶3]    The Defendant argues he is entitled to a judgment of acquittal or, in the alternative, a new trial for several reasons. First, the Defendant contends the United States failed to sufficiently prove aiding and abetting wire fraud and mail fraud and the United States failed to sufficiently prove the Defendant committed money laundering. Next, the Defendant argues the Court did not allow the Defendant to cross-examine Mr. Etue on the United States' witness preparation. Finally, the Defendant asserts the United States "improperly sandbagged" the Defense by displaying a "demonstrative exhibit" and "a new money laundering theory in rebuttal." Doc. No. 80, p. 16. The United States argues (1) there was sufficient evidence to support the verdict on all three counts; (2) the Court did not err in prohibiting cross-examination of Mr. Etue because the United States did not engage in improper witness coaching; and (3) The United States did not submit a demonstrative exhibit but that it was an illustrative visual aid.

### I.    Motion for Judgment of Acquittal

[¶4]    Once a verdict has been reached by a jury, a defendant may file a Motion of Judgment of Acquittal or renew a motion made during the course of trial due to the insufficiency of the evidence. See Fed. R. Crim. P. 29(c). The Court reviews a motion based on the sufficiency of the evidence *de novo*. United States v. Mayer, 674 F.3d 942, 944 (8th Cir. 2012). The Court must view the evidence in the light most favorable to the verdict. Id. All conflicts must be resolved in the United States' favor. Id. "Reversal is warranted only if no reasonable jury could have found guilt beyond a reasonable doubt." Id. (quoting United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012)).

[¶5]    Courts have "very limited latitude" in deciding a motion for acquittal. United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004).  "In deciding a motion for judgment of acquittal, the

court can neither weigh the evidence nor assess the credibility of witnesses." United States. v. Pardue, 983 F.2d 843, 847 (8th Cir. 1993); See also Baker, 367 F.3d at 797 ("In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses."). Likewise, the Court may not resolve conflicting testimony. United States v. Hemphill, 544 F.2d 341, 344 (8th Cir. 1976). Such inquiries are solely within the province of the jury. United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008) ("[I]t is within the province of the jury to make credibility assessments and resolve conflicting testimony.").

### a. Sufficiency of the Evidence

[¶6]    The Defendant's sufficiency of the evidence claims are essentially the same arguments he raised at the close of evidence at trial. The Court observed all the testimony at trial and has reviewed the entire record in this case. The conclusion remains the same. There was sufficient evidence at trial to support the guilty verdicts on aiding and abetting mail and wire fraud as well as the guilty verdict for money laundering. Nothing in the present motion changes that conclusion.

### b. Cross-Examination of Mr. Etue

[¶7]    As to the claim the Court improperly prohibited the Defendant from cross-examining Mr. Etue on the United States' witness preparation, again, this claim was decided at trial and the Defendant has provided no further reason to show the Court's prior decision was erroneous. The United States argues the Court correctly excluded the Defendant's proposed cross-examination of Mr. Etue based on the United States' trial preparation.

[¶8]    There is no evidence in the record the United States crossed the line in its preparation for trial with Mr. Etue. Section 116 of the Restatement (Third) of the Law Governing Lawyers is persuasive in this regard, which provides:

> (1) A lawyer may interview a witness for the purposes of preparing the witness to testify.

> (2) A lawyer may not unlawfully obstruct another party's access to a witness.
> (3) A lawyer may not unlawfully induce or assist a prospective witness to evade or ignore process obliging the witness to appear to testify.
> (4) A lawyer may not request a person to refrain from voluntarily giving relevant testimony or information to another party, unless:
>> (a) The person is the lawyer's client in the matter; or
>> (b) (i) the person is not the lawyer's client but is a relative or employee or other agent of the lawyer or the lawyer's client, and (ii) the lawyer reasonably believes compliance will not materially and adversely affect the person's interests.

Restatement (Third) of the Law Governing Lawyers § 116 (2000). Important to the present dispute,

Comment b. to Section 116 states:

> In preparing a witness to testify, a lawyer may invite the witness to provide truthful testimony favorable to the lawyer's client. Preparation consistent with the rule of this Section may include the following: discussing the role of the witness and effective courtroom demeanor; discussing the witness's recollection and probable testimony**; revealing to the witness other testimony or evidence that will be presented and asking the witness to reconsider the witness's recollection or recounting of events in that light**; **discussing the applicability of law to the events in issue**; reviewing the factual context into which the witness's observations or opinions will fit; **reviewing documents or other physical evidence that may be introduced**; and **discussing probable lines of hostile cross-examination that the witness should be prepared to meet**. Witness preparation may include rehearsal of testimony. **A lawyer may suggest choice of words that might be employed to make the witness's meaning clear. However, a lawyer may not assist the witness to testify falsely as to a material fact** (see § 120(1)(a)).

Id. at Comment b. "Preparing a witness to testify" (emphasis added).

[¶9]    The Defendant claims the United States coached Mr. Etue on the legal elements of the charges and provided him with facts he did not know independently and told not to testify about facts he did not know personally. The Defendant also claims the United States gave its theory of the case to Mr. Etue and how the United States intended to apply the law to the facts. Finally, the Defendant claims the United States impermissibly showed the Defendant the "Book of Eli" email to solicit from him that he did not compose the email.

[¶10]   Each of these alleged actions, even if true, are permissible under Section 116 of the Restatement (Third) of the Law Governing Lawyers as noted in Comment b. The United States was allowed to inform Mr. Etue of other testimony he may not have known independently and to discuss with him the applicability of the law to the events at issue in the case. As to the allegations the United States told Mr. Etue not to testify if he did not personally know a fact, Comment b. specifically provides "a lawyer may not assist the witness to testify falsely as to a material fact." Id. Based on this, the United States had an obligation to ensure Mr. Etue testified truthfully according to his recollection. As to showing Mr. Etue the "Book of Eli" email, it was also proper for the United States to show him copy of it. Restatement (Third) of the Law Governing Lawyers § 116, Comment b. (permitting lawyers to review "documents or other physical evidence that may be introduced" with a witness in preparation for trial"). Furthermore, at trial, the Defendant put the authorship of the "Book of Eli" email at issue. In order to properly prepare for such a defense, it was appropriate for the United States to show the email to Mr. Etue to show he did not write it.

[¶11]   Based on the record before the Court, there is no evidence the United States engaged in improper witness coaching and any inquiry into the government's preparation with Mr. Etue was properly excluded at trial.

### c.  Rebuttal Illustrative Aid

[¶12]   The Defendant agues he is entitled to a judgment of acquittal on Count Three because the United States utilized a "demonstrative exhibit" during its closing argument that posited a "new theory" of the United States case as to the money laundering charge. During its rebuttal argument at trial, the United States published an illustrative aid to the jury. Doc. No. 81-1. The Defendant did not object to the use of the illustrative aid.

[¶13]   The failure to object to the admission of evidence at trial results in a waiver unless there is plain error. United States v. Anderson, 654 F.2d 1264, 1269 (8th Cir. 1981) ("Failure to object to admission of evidence waives that objection on appeal, in the absence of plain error."). By failing to object at trial to the United States' use of the illustrative aid, the Defendant has waived his objection to its use. See id.

[¶14]   However, even considering the merits, the untimely objection fails. Rule 107 of the Federal Rules of Evidence provides illustrative aids are permitted "to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107(a). The illustrative aid displayed by the United States, without objection from the Defendant, conformed to Rule 107(a)'s requirements. It was helpful to explain the United States' rebuttal argument and how the evidence fit with its theory. It did not introduce a new argument and was not a demonstrative exhibit. Finally, displaying it for the jury was not substantially outweighed by unfair prejudice, confusion, misleading the jury, delay, or wasting time. It helped succinctly present the prosecution's theory.

[¶15]   In addition, the Defendant argues Rule 16 of the Federal Rules of Criminal Procedure required the United States to disclose it to the Defendant. Rule 16(a)(1)(E)(i) requires the United States to permit the Defendant to inspect any document or copies "if the item is within the governments possession, custody, or control and: (i) the item is material to preparing the defense. . . ." Evidence is material to the defense when "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." United States v. Lloyd, 992 F.2d 348, 351 (D.C.

Cir. 1993) (quotation marks and citation omitted); <u>United States v. Reddest</u>, 2006 WL 844864, *1 (D.S.D. May 22, 2006) (quoting the same).

[¶16]   The Defendant has failed to provide any legal authority explaining the United States was required to produce this rebuttal aid under Rule 16 of the Federal Rules of Criminal Procedure. It is the underlying exhibits that were "material to preparing the defense" in this case, not the rebuttal illustrative aid that simply summarized the evidence already in trial to support the United States' rebuttal. Indeed, the aid was created to rebut the Defendant's arguments only shortly before the Defendant's closing argument. In no way did it present any new theory or argument for the case. There was no error in the United States using its illustrative aid to assist the jury in its rebuttal.

## II.     New Trial

[¶17]   Alternatively, the Defendant moves for a new trial under Rule 33 of the Federal Rules of Criminal Procedure on the same grounds as discussed above. Rule 33 permits the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The grounds asserted by the Defendant for a new trial are identical to those for entering a judgment of acquittal. For the same reasons set forth above, the Court concludes the interest of justice do not require a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

## CONCLUSION

[¶18]   For the reasons set forth above, the Defendant's Motion for Judgment of Acquittal, Motion for New Trial, and Motion to Set Aside Verdict are **DENIED**.

[¶19]   **IT IS SO ORDERED**.

DATED August 6, 2024.

Daniel M. Traynor, District Judge
United States District Court